UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TODD M. CANNON,<br><br>                              Plaintiff,<br><br>-against-<br><br>NYS COMMISSIONER OF SOCIAL<br>SERVICES; CAPITAL ONE BANK; NYS<br>CHILD SUPPORT PROCESSING CTR.,<br><br>                              Defendants. | 19-CV-6493 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging violations of his due process rights. By order dated July 23, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court grants Plaintiff sixty days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Todd M. Cannon, a Queens County resident, filed this complaint against the "New York State Commissioner of Social Services," the New York State Child Support Processing Center, and Capital One Bank. Plaintiff alleges Defendants violated his right to due process, arising out of an "illegal seizure, and "denial of access to bank assets without notice." (ECF No. 2 at 2.) According to Plaintiff:

> NYS Commissioner, o/b/o Michelle Bostic + NYS Child Support Processing Center, caused levy against Plaintiff's daily checking acct. without ever having noticed Plaintiff (self) causing Plaintiff irreparable harm because I have no access to monies. Capital One, when asked about the issuance, etc. of said levy, refused (and enforcement) to inform Plaintiff as to the authority that allow them to do so. Instead, only telling Plaintiff that they must contact Defendant, said could not share information with account holder, thereby acting as agent to Commissioner. This child support case is about a child that lives with and is fully supported by Plaintiff. When Plaintiff petition NYS Family Court for order to show cause, state set long court date of Aug. 28, 2019.

(ECF No. 2 ¶ III.) Plaintiff asks that the "acct levy be removed and/or made not enforceable. Until such time that Plaintiff can be heard in state court." (*Id.* ¶ IV.) Plaintiff filed an order to show cause, but it is largely blank. (ECF No. 1.)

## DISCUSSION

### A.    Federal Pleading Rules

Federal Rule of Civil Procedure 8 is designed in part to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest. *See Twombly*, 550 U.S. at 555. Thus, "[a] complaint that fails to comply with [Rule 8(a)(2)] 'presents far too [heavy a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [a plaintiff's] claims.'" *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 212 (N.D.N.Y. 2008) (citing *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion)).

Plaintiff's complaint does not comply with Rule 8. Plaintiff alleges that a levy was placed on his bank account without notice, in connection with a child support order. Plaintiff alleges a violation of his right to due process, and he seeks an order from this Court vacating the hold on his account. For the following reasons, these facts fail to state a claim.

### B.    Rooker-Feldman

Plaintiff appears to seek relief for injuries stemming from a state-court order directing him to pay child support. Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies

where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Plaintiff's primary allegations concern "injuries caused by the state-court judgment" that directed him to pay child support. Plaintiff cannot ask this Court to review and reject the child support order. Because the *Rooker-Feldman* doctrine bars this Court from hearing such a challenge, the Court must dismiss it without prejudice. *See Remy v. New York State Dep't of Tax. & Fin.*, 507 F. App'x 16, 18-19 (2d Cir. 2013) (dismissing complaint that sought "direct review" of child support order in state family court); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## C.    Claims under 42 U.S.C. § 1983

Even if the *Rooker-Feldman* doctrine does not bar the Court from adjudicating this action, Plaintiff fails to state a claim under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.    *Procedural Due Process*

Plaintiff asserts that a child support order was entered against him in violation of his due process rights, resulting in the levy on his bank account. The Due Process Clause only protects "against deprivations without due process of law." *Rivera–Powell v. N.Y. City Bd. of Elections*,

470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera–Powell*, 470 F.3d at 466 (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)).

Generally, some kind of predeprivation process must be provided before liberty or property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

In New York, a child support debtor is entitled to the post-judgment judgment remedies outlined in Section 52 of the New York Civil Practice Law and Rules (CPLR).[1] When a support collection unit (SCU) issues an execution for enforcement of current support or arrears, but there

---

[1] The city, state and federal statutory and regulatory scheme governing child support enforcement is discussed in *O'Brien v. Hansell*, No. 09-CV-629, 2010 WL 1371366, at \*4-\*7 (E.D.N.Y. Mar. 31, 2010).

is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y. C.P.L.R. § 5241(a)(8) & (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within 45 days." N.Y. C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may file an Article 78 proceeding in state court to have the state court review the agency's determination. *Beattease v. Washington Cty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that applicant for relief should commence an Article 78 proceeding after exhausting his remedies before the SCU).

Here, Plaintiff flatly proclaims that his due process rights have been violated. Even if the Court assumes that Plaintiff's property was seized without notice or opportunity to challenge the seizure before it occurred, such facts do not give rise to a due process claim. State law, specifically, Section 52 of the CPLR, provides for due process to child support debtors facing seizure or garnishment. If a city or state employee or agency failed to comply with state law, such an omission would constitute a random and unauthorized deprivation that does not constitute a procedural due process violation, as long as the state provides an adequate postdeprivation remedy. Plaintiff does not mention having filed an Article 78 proceeding; however, the fact that such a remedy was available to him satisfies due process because it is an adequate post-deprivation remedy to a random and unauthorized deprivation. *See Rivera–Powell*, 470 F.3d at 465. Moreover, Plaintiff states that he requested a hearing in Family Court, which was calendared for August 28, 2019. Plaintiff therefore fails to plausibly allege a violation of his right to procedural due process.

2.    *Substantive Due Process*

Plaintiff's allegations may also be read as raising a substantive due process claim. Substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Interport Pilots Agency Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process rights are violated only when the government has engaged in conduct so egregious it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952). The Supreme Court has "been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Conduct that is merely incorrect or ill-advised does not meet this high standard. *See Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

There is nothing in the complaint that rises to the level of "shocking the conscience." *See, e.g.*, *Weinstein v. Albright*, ECF No.1:00-CV-1193 (JGK), 2000 WL 1154310, at *5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $5,000), *aff'd*, 261 F.3d 127, 142-43 (2d. Cir. 2001). Instead, Plaintiff asserts that he was ordered to pay child support, and that his bank account was seized, both without prior notice. Plaintiff therefore fails to plausibly allege a violation of his substantive due process rights.

**D.    Claims Against Named Defendants**

1.    "New York State Commissioner of Social Services"

Plaintiff names the New York State Commissioner of Social Services, but there is no such individual or state agency. The Court assumes it is Plaintiff's intention to sue New York State or a New York State agency. "[A]s a general rule, state governments may not be sued in federal

court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Any § 1983 claims Plaintiff seeks to assert against the State of New York or a particular New York State agency are barred by the Eleventh Amendment and are dismissed.

2.    Claims Against the City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's complaint does not identify a policy or custom that led to any violation of his constitutional rights. *See, e.g. Johnson v. New York,* 21 F. App'x 41, 2001 WL 1205363, at *2 (2d

Cir. Oct. 10, 2001) (noting that even assuming the truth of the plaintiff's claims that a child support enforcement unit "attorney improperly coerced a judge into participating in a vendetta against [him] ... nothing in [the plaintiff's] complaint alleges such acts were done in accordance with municipal policy or custom"); *Sorenson v. Suffolk Cnty. Child Support Enforcement Bureau*, No. 07-CV-3755, 2009 WL 580426, at *4 (E.D.N.Y. Mar. 5, 2009) ("A *Monell* claim against a county child support enforcement unit, or related entity, must be dismissed where plaintiff has not alleged that any wrongful acts were part of a municipal policy or custom.").

Accordingly, Plaintiff's complaint does not contain facts supporting a municipal liability claim arising out of the Family Court order or subsequent seizure of his bank account.

3.     Capital One Bank

A § 1983 plaintiff must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable under the statute. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982). Capital One, a private entity, is unaffiliated with a state or government body.

Private activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker*, 457 U.S. at 838).

Plaintiff's sole allegation against Capital One is that it imposed a levy on Plaintiff's bank account pursuant to a court order, and would not answer his questions about its authority to do so. The Second Circuit has held that such an allegation does not give rise to a § 1983 claim

against a private financial institution. In *Sykes v. Bank of America,* 723 F.3d 399, 406 (2d Cir. 2013), the Second Circuit reasoned that a bank complies with a child support processing center restraining notice for child support arrears as it would with a notice from a private creditor and that the relationship between the state and the financial institution is remote. For these reasons, Plaintiff has not alleged facts showing that Capital One acted under color of state law or violated his federally protected rights.

## LEAVE TO AMEAD

Plaintiff's complaint fails to state a claim on which relief may be granted, and names defendants who are immune from suit. In an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011), the Court grants Plaintiff sixty days' leave to submit an amended complaint that addresses the deficiencies above.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6493 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The order to show cause is denied without prejudice.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 7, 2019
            New York, New York

                                        COLLEEN McMAHON
                             Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 4: _____

    First Name              Last Name
    _____

    Current Job Title (or other identifying information)
    _____

    Current Work Address (or other address where defendant may be served)
    _____

    County, City            State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.